UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES of the AMALGAMATED, INDUSTRIAL and     Docket No.:16-CV-5195
TOY & NOVELTY WORKERS OF AMERICA, LOCAL
223 – SICK BENEFIT FUND,

                              Plaintiffs,
     -against-                                      **COMPLAINT**

MULTILINE TECHNOLOGY INC.,
                              Defendants.
-------------------------------------------------------------------X

Plaintiff, Trustees of the Amalgamated, Industrial and Toy & Novelty Workers of America, Local 223 – Sick Benefit Fund (hereinafter "Plaintiff" or "Fund") by its attorney, Barnes, Iaccarino, & Shepherd, LLP, allege as follows:

## JURISDICTON AND VENUE

1.     This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185 and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2.     Jurisdiction is conferred upon this court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f) and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3.     Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Fund in their fiduciary capacities and the Union for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions to the Plaintiffs.

## PARTIES

6. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Fund is established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U. S.C. Section 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Section 1002 3(1), 3(2), and 3(3) and 1132(d)(1)) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

7. The Funds provide fringe benefits to eligible employees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Fund is authorized to collect contributions which include, but are not limited to, payments for life insurance, hospitalization, and medical care benefits on behalf of the employees of the Employers, and the Plaintiff Trustees as

fiduciaries of the Fund are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

8.   The Fund's principal office is located and administered at 147 East 26th Street, New York, NY 10010 in the County of New York.

9.   The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)) and as further defined in Section 12 of the General Associations Law of the State of New York.

10.   The Plaintiff Union maintains an office and is administered at 147 East 26th Street, New York, New York 10010 in the County of New York.

11.   Upon information and belief, the defendant MULTILINE TECHNOLOGY INC. (hereinafter referred to as "the Employer") at all relevant times, was an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

12.   Upon information and belief, the Employer is a for profit domestic corporation licensed to do business in New York, duly organized and existing pursuant to the laws of the State of New York and with its principal places of business at 75 Roebling Court, Ronkonkoma, New York 11779.

## CAUSES FOR RELIEF

## AS AND FOR A FIRST CLAIM FOR RELIEF

13. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union and/or pursuant to an Association Agreement.

14. The C.B.A. and/or Trust Indenture requires the Employer to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

15. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds from the employer fringe benefit contributions.

16. The Employer has failed and refused to remit to the Funds those fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $56,880.00 for the period November 1, 2013 through May 31, 2016.

17. The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

18. Pursuant to the C.B.A. and ERISA upon the Employer's failure to pay contributions as they become due, the Employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid

as liquidated damages; interest at the rate of 1% for each month, or portion thereof from the Due Date to the date payment is received; attorneys' fees at the hourly rate charged to the Fund for such services; and all costs incurred in initiating the court action for the collection of delinquent contributions.

19. Accordingly, the employer is liable to Plaintiffs for contribution in the minimum amount of $56,880.00 plus liquidated damages, interest, court costs, and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and really each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A. and Trust Indentures.

22. The Employer has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual employees of the employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon finding of an employer's violation of Section 515 of ERISA (29 U.S.C. 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due, both computed at a rate set forth in the United States Internal

Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to pay has injured the Fund and Union by delaying investment of contributions and causing unnecessary administrative costs for the Funds and Union and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the employer is liable to the Fund and Union in the minimum amount of $56,880.00 in unpaid contributions plus liquidated damages, interest, reasonable attorney's fees, costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against the Defendants as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of $56,880.00 for unpaid contributions to the Fund for work performed plus interest from the date of the delinquency and liquidated damages calculated at 20% of the principal amount due.

(b) Attorneys' fees and court costs and disbursements as set forth in the policy for Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On all claims for relief:

(c) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, NY
April 12, 2015

                                             Respectfully submitted,

                                             BARNES, IACCARINO & SHEPHERD, LLP

                                             By: _____/s_____
                                                Thailary Lim, Esq.
                                                3 Surrey Lane
                                                Hempstead, NY 11550
                                                (516) 483-2990
                                                Fax: 516-483-0566
                                                Tlim@bislawfirm.com